```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF ILLINOIS
            EASTERN DIVISION
```

| | |
|---|---|
| CHRISTOPHER IOSELLO and<br>LEANN IOSELLO, for<br>Themselves and Others<br>Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>ORANGE LAKE COUNTRY<br>CLUB INC.,<br><br>    Defendant. | Case No. 14 C 3051<br><br>Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Orange Lake Country Club Inc.'s ("Orange Lake") Motions for Sanctions pursuant to FED. R. CIV. P. 11 [ECF No. 47], and for Attorneys' Fees pursuant to 28 U.S.C. § 1927 [ECF No. 51]. For the reasons stated herein, the Motions are denied.

### I. BACKGROUND

The instant motions for sanctions and fees arise from Plaintiffs Christopher and Leann Iosello's two-count Class Action Complaint alleging violations of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, and Illinois Restricted Call Registry Act, 815 ILCS 402/10. According to the Complaint, the Iosellos began receiving unsolicited telemarketing calls after attending a sales presentation for timeshares at Orange Lake.

From the beginning of this lawsuit, Orange Lake insisted that it had never used any of the telephone numbers from which the calls were placed. On July 23, 2014, Orange Lake provided affidavits from its Director of Telecommunications and Director of Marketing averring the same. The following month, the Iosellos' counsel issued subpoenas on several telecom providers to determine who owned the phone numbers at issue. (*See,* Ex. 2 to Pls.' Opp., ECF No. 58-2.) At the same time, Orange Lake served discovery on the Iosellos. On October 1, 2014, just days before their discovery responses were due, the Iosellos moved for voluntary dismissal pursuant to Rule 41(a), "hav[ing] concluded that further pursuit of their claims would be imprudent." (Pls.' Mot. for Voluntary Dismissal, ECF No. 27.) Orange Lake opposed the Motion to the extent that the dismissal was without costs or payment of Orange Lake's attorneys' fees. (*See,* Def.'s Opp. to Mot. for Voluntary Dismissal, ECF No. 31.) On December 11, 2014, the Court granted the Iosellos' Motion, dismissing the Iosellos' claims with prejudice and without costs. (ECF No. 40.)

On January 8, 2015, Orange Lake filed a Motion for Reconsideration, urging the Court to award costs pursuant to Rule 54(d). (ECF No. 41.) On January 27, 2015, the Court denied the Motion [ECF No. 53], but agreed to take up Orange Lake's Motion for Sanctions, filed the night before, and Motion for Fees under § 1927, filed the following day.

## II. ANALYSIS

### A. Rule 11 Sanctions

Orange Lake argues that the Iosellos have violated Rule 11(b)(3) for two reasons: (1) because they filed their Complaint without conducting a meaningful factual investigation, and (2) because they failed to reevaluate their claims or dismiss the lawsuit when Orange Lake denied involvement.

Rule 11(b) provides that each time an attorney presents a pleading to a court, he or she "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the pleading is not being presented for an improper purpose and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(1), (3). A core purpose of Rule 11 is to deter baseless filings. *Jimenez v. Madison Area Tech. Coll.*, 321 F.3d 652, 656 (7th Cir. 2003) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). A court may impose sanctions on a party or his or her counsel — including an award of attorneys' fees — for failure to comply with Rule 11(b). FED. R. CIV. P. 11(c)(1).

"The decision to impose sanctions is left to the discretion of the trial court in light of the available evidence." *Divane v.*

*Krull Elec. Co., Inc.,* 200 F.3d 1020, 1025, 1028 (7th Cir. 1999). In determining whether sanctions are appropriate, the Court must make "an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Cuna Mut. Ins. Soc. v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (citation and internal quotations omitted). Rule 11 sanctions are to be imposed sparingly, *Hartmarx Corp. v. Abboud,* 326 F.3d 862, 867 (7th Cir. 2003), and the party seeking sanctions carries a "high burden" in showing that they are warranted. *Lundeen v. Minemyer,* No. 09 C 3820, 2010 WL 5418896, at *3 (N.D. Ill. Dec. 17, 2010).

The Court first turns to whether counsel for the Iosellos had a reasonable factual basis for filing the Complaint. According to Orange Lake, the Iosellos' attorneys did nothing to confirm or independently test their clients' assertions that the telephone calls at issue originated with Orange Lake. Counsel for the Iosellos contend that, prior to filing the Complaint, they solicited information about the substance of the telephone calls over the phone and through and a series of emails. (Pls.' Reply in Supp. of Voluntary Dismissal, ECF No. 34, at 3 n.2.) This information equipped the Iosellos' counsel with a two-prong basis for the TCPA and Restricted Call Registry Act claims: "[1] the callers stated that they were contacting plaintiffs on behalf of

Orange Lake, and [2] the calls came after plaintiffs had attended a timeshare presentation put on by Orange Lake." (*Id.* at 3.)

Rule 11 tempers Rule 8's liberal pleading standards by requiring an attorney to conduct a "reasonable inquiry" into the factual basis of a complaint before filing it with a court. *Doe v. Franco Prods.,* No. 99 C 7885, 2000 WL 816779, at *2 (N.D. Ill. June 22, 2000), *aff'd sub nom. Doe v. GTE Corp.,* 347 F.3d 655 (7th Cir. 2003). "What constitutes a reasonable pre-filing investigation depends on the circumstances of each case." *Beverly Gravel, Inc. v. DiDomenico,* 908 F.2d 223, 225 (7th Cir. 1990). Relevant factors include the extent to which the attorney had to rely on his or her client for factual information, the complexity of the case and attorney's ability to conduct a pre-filing investigation, and whether discovery would have been beneficial to the development of the underlying facts. *In re Dairy Farmers of Am., Inc.,* No. 09-CV-3690, 2015 WL 753946, at *15 (N.D. Ill. Feb. 20, 2015) (citing *Brown v. Fed'n of State Med. Bds.,* 830 F.2d 1429, 1435 (7th Cir. 1987)).

Under the circumstances of this case — in which the Iosellos claimed to receive telephone calls from an entity purporting to be Orange Lake, and little information was available about the telephone numbers from which the calls originated — it was reasonable for the Iosellos' counsel to rely on the information their clients provided. *See, e.g., Stove Builder Int'l, Inc. v.*

*GHP Grp., Inc.,* 280 F.R.D. 402, 403 (N.D. Ill. 2012) ("[I]n this Court's view no Rule 11 sanction should attend counsel's acceptance of their client's version as they have described it."). Defense counsel argues that the Iosellos' attorneys should have, at minimum, explored inexpensive avenues of investigation, such as conducting an Internet search for the telephone numbers, contacting Orange Lake to complain, or calling back the telephone numbers at issue. (Def.'s Mem., ECF No. 47, at 11.) One member of defense counsel conducted her own Internet search and dug up information on two of the three telephone numbers, and noted that Orange Lake was not referenced on any of the websites she located. (*Id.* at 3.) She also called the telephone numbers and received (1) a busy signal, (2) a fax machine sound, and (3) a response from someone who claimed to work at another business. (*Id.* at 4.) Nevertheless, a pre-suit investigation such as this neither negates nor corroborates the Iosellos' claims. Under these conditions, it was reasonable for the Iosellos' counsel to rely on the factual contentions that their clients relayed to them.

The Court next examines the Iosellos' post-filing conduct. Orange Lake argues that by July 23, 2014, when Orange Lake voluntarily provided affidavits denying its involvement, the Iosellos were on notice that continuation of the litigation would be unreasonable. Shortly after Orange Lake provided the affidavits, counsel for the Iosellos issued subpoenas to telecom

providers to determine who owned the phone numbers. (*See,* Ex. 2 to Pls.' Opp., ECF NO. 58-2.) In an email to defense counsel, one of the Iosellos attorneys summarized the purpose of the subpoenas:

> Our clients say that Orange Lake called them from the numbers listed, based on what was said to them and what their Caller ID showed. Your clients say this is not the case. The subpoenas we have sent out are going to get both of us, and our clients, the information to resolve this dispute.

(Ex. 1 to Pls.' Opp., ECF NO. 58-2.) Although they fail to articulate what information the subpoenas ultimately revealed, the Iosellos state that once their investigation was complete, and the claims "turned out to be unsustainable," they moved to dismiss the case. (Pl.'s Opp., ECF No. 58, at 3.)

Based on this sequence of events, it appears that the Iosellos' attorneys were pursuing the case after July 23, 2014 to corroborate their clients' allegations through necessary discovery — not to harass Orange Lake or delay the litigation. Under Rule 11, an attorney certifies "that there is (or likely will be) 'evidentiary support' for the allegation, not that the party will prevail with respect to its contention regarding the fact." FED. R. CIV. P. 11(b) advisory committee's note to 1993 amendment. If an attorney cannot obtain evidentiary support for an allegation after a reasonable opportunity for further investigation, he or she "has a duty under [Rule 11] not to persist with the contention." *Id.* The Court finds that the Iosellos complied with this duty when they moved to voluntarily dismiss the action after

their discovery efforts came up empty. The Court concludes that the Iosellos' counsel's pre-filing investigation, though minimal, was sufficient under the circumstances of this case, and that their post-filing conduct was proper. Accordingly, the Court declines to impose Rule 11 sanctions. Although the Iosellos also contend that Orange Lake's motion was procedurally improper, the Court need not reach the merits of these arguments.

### B. Attorneys' Fees Under 28 U.S.C. § 1927

Orange Lake has moved separately for attorneys' fees pursuant to 28 U.S.C. § 1927. Under § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" may be required to pay the excess costs and fees incurred because of their conduct. The Seventh Circuit has held that § 1927 sanctions are appropriate when an attorney has:

> acted in an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice; pursued a claim that is without a plausible legal or factual basis and lacking in justification; or pursued a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound.

*Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (citations, internal quotations, and alterations omitted). Attorneys also have a continuing duty under § 1927 to dismiss claims that are no longer viable. *Id.* To establish that an attorney's conduct was vexatious, the moving party must show either subjective or objective bad faith. *Kotsilieris v. Chalmers,* 966 F.2d 1181, 1184 (7th Cir. 1992). "Subjective bad

faith must be shown only if the conduct under consideration had an objectively colorable basis." *Dal Pozzo v. Basic Mach. Co.,* 463 F.3d 609, 614 (7th Cir. 2006). No finding of malice or ill will is required to show objective bad faith — "reckless indifference to the law will qualify." *Id.*

Orange Lake argues that opposing counsel acted with objective faith bad faith when they (1) filed the complaint without proper pre-suit investigation, and (2) continued to litigate the case after Orange Lake provided the employee affidavits denying involvement. Alternatively, Orange Lake argues that opposing counsel acted with subjective bad faith in continuing to litigate the case. Orange Lake's arguments in support of fees under § 1927 echo those made in its Rule 11 motion.

In explaining the rationale behind Rule 11 and § 1927, the Seventh Circuit has noted that it would "warp the system" if attorneys could shift costs onto their opponents by requiring them to identify claims, perform necessary background research, and craft a response. *See, In re TCI Ltd.,* 769 F.2d 441, 446 (7th Cir. 1985). The greater the disparity between the costs incurred by a client and the costs imposed on an adversary, "the more litigation becomes a predatory instrument rather than a method of resolving honest disputes." *Id.*

The Court cannot conclude that Iosellos improperly shifted the burden of investigating their claims onto Orange Lake, or that

their conduct demonstrated objective or subjective bad faith. The Iosellos' counsel filed the Complaint based on the facts relayed to them by their clients. When presented with the employee affidavits that contradicted their clients' story, they engaged in targeted discovery to resolve a factual dispute. When discovery came up empty, they moved for voluntary dismissal. This conduct does not show "reckless indifference to the law," malice, or ill will. Orange Lake's production of the affidavits did not trigger an immediate duty to dismiss the case — if a sworn denial of liability could, no plaintiff would ever prevail.

Orange Lake argues that courts within the Seventh Circuit have consistently awarded fees in situations "just like this one." (Def.'s Mem., ECF No. 51, at 11.) However, the cases on which Orange Lake relies involve substantially stronger facts. For instance, in *Walter,* the Seventh Circuit affirmed the district court's imposition of § 1927 sanctions when, after almost four years of discovery and the dismissal of three similarly situated defendants, plaintiff failed to shore up his claims with sufficient facts or voluntarily dismiss the case. *Walter v. Fiorenzo,* 840 F.2d 427, 435–36 (7th Cir. 1988). In *Mangel,* § 1927 sanctions were appropriate when attorneys filed a "fallback lawsuit," which they only intended to pursue if their client was not included in another class action. *Mangel v. Loeb Rhoades & Co.,* No. 77 C 2536, 1990 WL 37682, at *3 (N.D. Ill. Mar. 12,

1990). It was the attorneys' refusal to either dismiss the case or move forward with discovery that the court found to be unreasonable and vexatious. *Id.* The Court finds the Iosellos conduct distinguishable and concludes that § 1927 sanctions are inappropriate in this case.

## IV. CONCLUSION

For the reasons stated herein, Orange Lake's Motions for Sanctions pursuant to Fed. R. Civ. P. 11 [ECF No. 47], and for Attorneys' Fees pursuant to 28 U.S.C. § 1927 [ECF No. 51] are denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 5/14/2015